## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JON BRUCE HUGHES, Individually ) and on Behalf of all Others Similarly ) Situated, ) ) | Case No. _____ |
| ) | Complaint – Class Action |
| Plaintiffs, ) ) | **DEMAND FOR JURY TRIAL** |
| vs. ) ) | |
| ATHENE ANNUITY & LIFE ) ASSURANCE COMPANY, ) ) | |
| Defendant. ) | |

## CLASS ACTION COMPLAINT

Plaintiff Jon Bruce Hughes ("Plaintiff"), individually and on behalf of all others similarly situated, files this Class Action Complaint against Defendant Athene Annuity & Life Assurance Company.  In support thereof, Plaintiff states and alleges as follows:

## INTRODUCTION

1.     This is a class action for a breach of contract to recover amounts that Plaintiff and putative class members have lost from Defendant's unlawful

1

interpretation of its own product and corresponding breach of the terms of its contract. Plaintiff's claims and those of the proposed class are exclusively supported by the explicit provisions of their annuities and are not derived from any alleged conversations had, or documents reviewed, at the time of sale.

2.      Plaintiff purchased a single premium deferred annuity from Defendant with a "Guaranteed Lifetime Withdrawal Benefit Rider" (hereinafter the "GLWB Rider"). The GLWB Rider allowed Plaintiff to make withdrawals from the Annuity each year without incurring any withdrawal charges. The withdrawals were calculated using a percentage table, the "Lifetime Withdrawal Percentage," which considered the attained age of the Annuitant and also whether the withdrawal could continue after the death of an Annuitant. This would be considered "single life" if it could not continue and "joint life" if it could, the difference being a 0.5% deduction for joint life.

3.      If there were Joint Annuitants, the GLWB Rider provided that the Lifetime Withdrawal Percentage would be based on the younger of the Joint Annuitants. It also provided that once the Lifetime Withdrawal Percentage was determined, it would not change.

4.    Pursuant to the terms of the GLWB Rider, Plaintiff requested monthly withdrawals for joint life, which he received for over two years with a Lifetime Withdrawal Percentage of 4.5%.  On March 10, 2017, Plaintiff received a letter explaining that Defendant had incorrectly calculated Plaintiff's Lifetime Withdrawal Percentage.  Defendant explained that the percentage should be based on his wife's age, rather than Plaintiff's age.  Defendant reduced Plaintiff's percentage rate to 4% and has indicated that the withdrawal amount will remain at this rate.

5.    The only designated Annuitant for the Annuity is the Plaintiff. Plaintiff's wife is not designated as an Annuitant or Joint Annuitant on the GLWB Rider or Annuity.  Consequently, Defendant is contractually bound to base the Lifetime Withdrawal Percentage only on Plaintiff's age and has breached the GLWB Rider by doing otherwise and by decreasing the amount for which Plaintiff is entitled.

6.    Defendant has caused material harm to Plaintiff and the proposed class by improperly reducing and/or calculating the Lifetime Withdrawal Percentage based on the age of individuals who are not identified as Annuitants, joint or otherwise, under the terms of the GLWB Rider.

3

7.     Plaintiff brings this case as a class action under FED. R. CIV. P. 23, on behalf of himself and as a representative of the following persons (the "Class"):

> All persons who own or owned an annuity with a Guaranteed Lifetime Withdrawal Benefit Rider issued or administered by Defendant, the terms of which provided for a Lifetime Withdrawal Percentage based on the attained age of the younger of the Joint Annuitants for which Defendant improperly considered or will consider the age of an individual not identified in the Guaranteed Lifetime Withdrawal Benefit Rider as an Annuitant or a Joint Annuitant in calculating the percentage amount to be paid as the Guaranteed Lifetime Withdrawal Benefit.

## PARTIES

8.     Plaintiff Jon Bruce Hughes is an individual and resident of Valley Grande, Alabama.

9.     Defendant Athene Annuity & Life Assurance Company is a life insurance company organized and existing under the laws of the State of Delaware. Defendant is registered to do business in the State of Georgia and can be served via its registered agent at 289 S. Culver St., Lawrenceville, GA 30046-4805.  At times material hereto, Plaintiff corresponded with Defendant at an address Defendant provided for Atlanta, Georgia.

## JURISDICTION AND VENUE

10.    This Court has jurisdiction over all causes of action asserted herein pursuant to 28 U.S.C. § 1332(d) because this is a class action with diversity of citizenship between parties and the matter in controversy exceeds $5,000,000.

11.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant is subject to the personal jurisdiction of this Court and a substantial portion of the conduct of the Defendant which forms the basis of this action occurred in Atlanta, Georgia.

## GENERAL ALLEGATIONS

12.    Plaintiff purchased an annuity referred to as a "Single Premium Deferred Annuity With An Index Option Income Payable Starting On Maturity Date Death Benefit Payable Upon Prior Death Of Owner This Contract Is Non-Participating" (hereinafter the "Annuity").  Plaintiff purchased the Annuity on July 13, 2009 and paid $399,664.00 as the initial premium payment.  A copy of the Annuity contract is attached as Exhibit A.

13.    Plaintiff is the only Owner of the Annuity.

14.    Plaintiff is also the only Annuitant of the Annuity.

Case 1:17-cv-02702-LMM    Document 1    Filed 07/18/17    Page 6 of 20

15.     Plaintiff's wife, Sharon W. Hughes, is the primary beneficiary on the Annuity.

16.     The Annuity has a Guaranteed Lifetime Withdrawal Benefit Rider (the "GLWB Rider").  A copy of the GLWB Rider is attached as Exhibit B.

17.     The Annuity provided a withdrawal charge schedule, and pursuant to that schedule, Plaintiff would be required to pay a certain percentage charge if he withdrew money from the Annuity before it matured to year thirteen.

18.     The GLWB Rider, however, allowed Plaintiff to "take Partial Withdrawals up to a certain amount each Contract Year (without incurring withdrawal charges) until the death of the Annuitant, even if Your Contract Accumulation Value is reduced to zero."  (*See* Exhibit B p. 1).  That amount was determined based on a Lifetime Withdrawal Percentage Table.  The percentage table considered the attained age of the annuitant and whether the single life or joint life benefit was selected.  According to Defendant's application to "Request to Begin Income Payments from GLWB Rider," the joint life benefit option was "only available on owner and spouse."  If joint life was selected, the withdrawal benefit would continue to be paid to the living spouse in the event that one spouse passed

away.  However, the percentage amount for that benefit would be 0.5% less than if the single life option was selected.

19.    Per the terms of the GLWB Rider, Plaintiff could commence taking partial withdrawals at the age of 50 after a one year waiting period.  At the time Plaintiff purchased the Annuity, he was 57 years of age.  On July 17, 2014, Plaintiff completed and signed Defendant's "Request to Begin Income Payments from GLWB Rider" form.  Plaintiff requested his benefits begin on July 25, 2014 in the form of monthly withdrawals.  Plaintiff also selected the box for benefits to be calculated on joint life (rather than single life).  Because Plaintiff is the sole Annuitant and Owner of the Annuity, Plaintiff signed only his name on the form.

20.    Defendant accepted and ratified Plaintiff's GLWB Rider Form, and from approximately July 2014 through February 2017, Plaintiff received $2,032.55 per month from Defendant pursuant to the GLWB Rider.  This amount was based on a 4.5% Lifetime Withdrawal Percentage.

21.    On March 10, 2017, Plaintiff received a letter from Defendant explaining that Plaintiff's GLWB Rider was incorrectly calculated because the percentage of 4.5% was based on Plaintiff's age when it should have been based on his spouse's age.  According to the letter, the "Joint Payout Election Annual Lifetime

Withdrawal Percentage" is based on the age of the younger spouse, and in Plaintiff's case, the correct percentage should have been 4% rather than 4.5%.

22.    On or about March 27, 2017, Plaintiff received a check for $1,355.04 – a $677.51 reduction in his monthly benefit.  Plaintiff contacted the signee of the March 10, 2017 letter and was informed that the large reduction was to keep him within an allocated amount for that year.  Plaintiff will continue to receive $1,355.04 monthly through July 2017.  After July 2017, Plaintiff will begin receiving monthly withdrawal checks in the amount of $1,806.72 pursuant to the lower 4% rate.

23.    Under the explicit terms of Plaintiff's policy, Defendant did not make a mistake by providing benefits at the 4.5% rate.

24.    The GLWB Rider defines the "Lifetime Withdrawal Percentage" as follows:

> The Lifetime Withdrawal Percentage (LWP) is used in the calculation of the Lifetime Withdrawal Amount.  The LWP is determined by the **Attained Age of the Annuitant** at the time of the first Withdrawal under this Rider.  A table containing the LWP by Attained Age is located on Page 1 of this Rider.  **Once it is determined on the first day of the Withdrawal Phase, the LWP will not change.**

Exhibit B p. 2 (emphasis added).

25.     As stated above, Plaintiff is the only Annuitant and the only Owner of the Annuity. Plaintiff is also the only Annuitant and only Owner listed on the request to begin income payments from the GLWB Rider.

26.     According to the GLWB Rider, the younger spouse's attained age would only be considered in calculating the amount of the withdrawal benefit if that spouse is a "Joint Annuitant." Under the GLWB Rider, "Lifetime Withdrawal Commencement Age" is defined as:

> The Lifetime Withdrawal Commencement Age is the earliest age at which the Withdrawal Phase may begin. **If there are Joint Annuitants**, the Lifetime Withdrawal Commencement Age refers to the Attained Age of the younger of the Joint Annuitants.

Exhibit B p. 2 (emphasis added).

27.     Here, Plaintiff's spouse is designated only as a Beneficiary on the Annuity. She is not designated anywhere as an Annuitant, a Joint Annuitant, or even a Joint Owner. Thus, Defendant cannot base the Lifetime Withdrawal Percentage on Plaintiff's spouse because she is not an Annuitant as defined in the GLWB Rider.

28.     In sum, Defendant breached the terms of the GLWB Rider by changing the Lifetime Withdrawal Percentage after the first day of the Withdrawal Phase and

by basing the new percentage on the age of a person who is not an Annuitant or Joint Annuitant.

29.     As a direct and proximate result of Defendant's breach, Plaintiff and the proposed Class have been damaged and those damages are continuing in nature in that Defendant will continue to make withdrawal payments at the reduced percentage in contravention with the GLWB Rider issued to Plaintiff and the Class.

## CLASS ACTION ALLEGATIONS

30.     Plaintiff brings this case as a class action under FED. R. CIV. P. 23(b)(2) and (b)(3), on behalf of himself and as a representative of the following Class:

> All persons who own or owned an annuity with a Guaranteed Lifetime Withdrawal Benefit Rider issued or administered by Defendant, the terms of which provided for a Lifetime Withdrawal Percentage based on the attained age of the younger of the Joint Annuitants for which Defendant improperly considered or will consider the age of an individual not identified in the Guaranteed Lifetime Withdrawal Benefit Rider as an Annuitant or a Joint Annuitant in calculating the percentage amount to be paid as the Guaranteed Lifetime Withdrawal Benefit.

Excluded from the Class is the Defendant, any entity in which the Defendant has a controlling interest, any of the officers, directors, or employees of the Defendant, the legal representatives, heirs, successors, and assigns of the Defendant, anyone

employed with Plaintiff's counsel's firms, and any Judge to whom this case is assigned, and his or her immediate family.

31.    Plaintiff's Class satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action under Rule 23, as set forth more fully herein.

32.    The persons who fall within the Class number in at least the hundreds, and thus the numerosity standard is satisfied. Because Class members are geographically dispersed across the country, joinder of all Class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct mail.

33.    At year-end 2016, Defendant had over $1 billion in account values associated with guaranteed lifetime income benefit contracts and/or riders.

34.    Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interests of those he seeks to represent. The interests of the Class members will be fairly and adequately protected by Plaintiff and his counsel, who have extensive experience prosecuting complex class litigation.

35.     Plaintiff's claims are typical of those of the Class in that Class members purchased annuities containing the GLWB Rider and received withdrawals based on an incorrect calculation by Defendant of the Lifetime Withdrawal Percentage.

36.     There are questions of fact and law common to the Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendant's actions include, without limitation, the following:

a.      Whether Defendant is permitted by the terms of the GLWB Rider to consider factors other than those disclosed in the GLWB Rider to determine the Lifetime Withdrawal Percentage used to calculate the withdrawals permitted under the GLWB Rider;

b.      Whether Defendant is permitted by the GLWB Rider to consider the age of an individual not identified in the GLWB Rider as a Joint Annuitant or Joint Owner when calculating the Lifetime Withdrawal Percentage;

c.      Whether Defendant is permitted to change the Lifetime Withdrawal Percentage after its initial determination;

d.      Whether Defendant breached the terms of the GLWB Rider;

e.      Whether the Class sustained damages as a result of Defendant's breaches of contract;

     f.     Whether the Class is entitled to damages, restitution, and/or other relief as a remedy for Defendant's breaches of contract; and

     g.     Whether the Class is entitled to declaratory relief stating the proper construction and/or interpretation of the GLWB Rider.

37.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the claims asserted herein.

38.     A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the Class. The presentation of separate actions by individual Class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of Class members to protect their interests.

39.     Maintenance of this action as a class action is a fair and efficient method for adjudicating this controversy. It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden

on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

## COUNT I
## BREACH OF CONTRACT

40.     Plaintiff adopts, re-alleges and incorporates herein each and every allegation in Paragraphs 1 through 39, as though fully set forth herein.

41.     Plaintiff and the Class purchased annuities from Defendant, or its predecessors in interest, containing the GLWB Rider discussed herein.

42.     The GLWB Rider is a valid and enforceable contract between Plaintiff and Defendant, and between each putative member of the Class set forth above and Defendant.

43.     Plaintiff and the Class substantially performed their obligations under the terms of the GLWB Rider.

44.     Defendant breached the GLWB Rider by calculating the Lifetime Withdrawal Percentage in a way that does not comport with the GLWB Rider's terms.  Defendant calculated the Lifetime Withdrawal Percentage based on the age of individuals who are not identified as an Annuitant or a Joint Annuitant as required by the terms of the GLWB Rider.  By doing so, Defendant caused Plaintiff and

putative Class members to receive a lower withdrawal amount than they were entitled to.

45.     Defendant's breach damaged Plaintiff and putative Class members by limiting and reducing the amount due to Plaintiff and putative Class members for which they are entitled to be paid pursuant to the terms of the GLWB Rider.

46.     Plaintiff, on behalf of itself and putative Class members, seeks to recover compensatory damages as set out herein.

## COUNT II
## DECLARATORY RELIEF

47.     Plaintiff adopts, re-alleges and incorporates herein each and every allegation in Paragraphs 1 through 46, as though fully set forth herein.

48.     An actual controversy has arisen and now exists between Plaintiff and the Class, on the one hand, and Defendant, on the other, concerning the respective rights and duties of the parties under the GLWB Rider issued by Defendant to Plaintiff and the Class.

49.     Plaintiff and the Class contend that Defendant breached, and will continue to breach, the GLWB Rider in the following respects:

By considering the age of individuals not named as an Annuitant or Joint Annuitant under the terms of the GLWB Rider issued to Plaintiff

and the Class, Defendant incorrectly calculated the Lifetime Withdrawal Percentage and impermissibly reduced or limited the amount Plaintiff and the Class were to receive under the GLWB Rider in contravention of its terms.

50.    Plaintiff, therefore, seeks a declaration of the parties' respective rights and duties under the GLWB Rider and requests the Court to declare the aforementioned conduct of Defendant as unlawful and in material breach of the GLWB Rider issued to Plaintiff and the Class.

## COUNT III
## CONVERSION

51.    Plaintiff adopts, re-alleges and incorporates herein each and every allegation in Paragraphs 1 through 50, as though fully set forth herein.

52.    Plaintiff and the Class purchased annuities with the GLWB Rider from Defendant, or its predecessors in interest.

53.    The amount due Plaintiff and the Class under the GLWB Rider was specific and identifiable, and was the Plaintiff and putative class members' personal property.

54.    Defendant caused Plaintiff and putative Class members' property to be withheld from them by reducing the amount paid to Plaintiff and putative Class

members in monthly withdrawals under the GLWB Rider. That money remained in Defendant's possession and in its accounts for Defendant's own use.

55.    In so doing, Defendant has exerted ownership and dominion over Plaintiff and putative Class members' personal property in denial of Plaintiff and putative Class members' rights.

56.    As a direct and proximate result of Defendant's conduct, Plaintiff and the Class have been damaged in an amount to be determined at trial.

57.    The amount due to Plaintiff and the Class under the GLWB Rider and improperly withheld from Plaintiff and putative Class members is capable of determination, to an identified sum, by comparing the amount received, or that should have been received, at the higher Lifetime Withdrawal Percentage, to that received at the lower Lifetime Withdrawal Percentage, the latter of which improperly considered the age of an individual not identified as an Annuitant or a Joint Annuitant. For example, the amount Plaintiff received between August 2014 and February 2017 ($2,032.55) can be compared to that received from March 2017 through July 2017 ($1,355.04) and that which Plaintiff will receive after July 2017 ($1,806.72) to determine the amount improperly withheld by Defendant.

58.    Defendant intended to cause damage to Plaintiff and the Class by withholding more than it was authorized to withhold from Plaintiff's monthly withdrawals under the GLWB Rider.    Defendant's conduct was dishonest, oppressive, and contrary to justice in that its systematic acts of conversion subject Plaintiff and Class members to cruel and unjust hardship in conscious disregard of their rights.  Plaintiff and the Class are therefore entitled to punitive damages.

## COUNT IV
## REQUEST FOR INJUNCTIVE RELIEF

59.    Plaintiff adopts, re-alleges and incorporates herein each and every allegation in Paragraphs 1 through 58, as though fully set forth herein.

60.    Plaintiff and putative class members have suffered and will continue to suffer, immediate and irreparable damage, by Defendant's actions in improperly considering the age of an individual who is not identified in the GLWB Rider as an Annuitant or a Joint Annuitant when calculating the Lifetime Withdrawal Percentage, and thereby, reducing the amount of monthly withdrawals for which Plaintiff and putative Class members were entitled to receive.  Plaintiff respectfully requests that this Honorable Court enjoin Defendants from continuing to calculate

the Lifetime Withdrawal Percentage in contravention to the terms of the GLWB Rider.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated requests relief as follows: an order certifying this case as a class action under FED. R. CIV. P. 23; compensatory damages in an amount to be proven at trial; costs; pre- and post-judgment interest at the maximum rate allowed by law; attorney's fees; punitive damages; a declaration that Defendant's ongoing conduct asserted herein is in material breach of the GLWB Rider issued to Plaintiff and the Class; an injunction enjoining Defendants from continuing to calculate the Lifetime Withdrawal Percentage in contravention to the terms of the GLWB Rider; and such other legal and equitable relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues so triable.

Dated:  July 18, 2017

/s/ Rodney E. Miller
Rodney E. Miller (Bar No.:  779467)
*Attorney for Plaintiff*

**OF COUNSEL:**

**MCCALLUM, METHVIN & TERRELL, P.C.**
2201 Arlington Avenue South
Birmingham, Alabama 35205
Telephone:   (205) 939-0199
Facsimile:   (205) 939-0399

**DEFENDANT TO BE SERVED VIA PROCESS SERVER**

**Athene Annuity and Life Assurance Company**
c/o C T Corporation System
289 S. Culver St.
Lawrenceville, GA 30046-4805